# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-1042V
### (Not to be Published)

* * * * * * * * * * * * * * * * * * * * * * * *
|  |  |
|---|---|
| BRANDON HOOD, | |
| Petitioner, | Filed: November 15, 2017 |
| v. | |
| | Entitlement; Influenza ("Flu") Vaccine; |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Guillain-Barre Syndrome ("GBS"). |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * *

*Richard Gage*, Richard Gage, P.C., Cheyenne, WY, for Petitioner.

*Mallori Browne Openchowski*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## RULING ON ENTITLEMENT[1]

On August 23, 2016, Petitioner Brandon Hood filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that he developed Guillain-Barre Syndrome ("GBS") as a result of an influenza ("flu") vaccine that he received on December 5, 2014.

In his Rule 4(c) Report, dated July 13, 2017, Respondent indicated that he does not contest entitlement in this matter. Respondent specifically stated that the Division of Vaccine Injury Compensation, Department of Health and Human Services, has reviewed the facts of this case and

---

[1] Although this ruling is not formally designated for publication, it will be posted nonetheless on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the ruling's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

has concluded that "petitioner has satisfied the criteria set forth in the newly revised Vaccine Injury Table ("Table") and the Qualifications and Aids to Interpretation ("QAI")." Rule 4(c) Report at 7 (ECF No. 25). The Rule 4(c) Report acknowledged that "petitioner suffered GBS following the administration of a seasonal flu vaccine, and that the onset occurred within the time period specified in the Table." *Id*. Although Petitioner's petition was filed before the effective date of the revised Table, Respondent recognized that "petitioner may re-file this petition and be afforded a presumption of causation under the revised Table (*see* 42 U.S.C. § 300aa-16(b))." *Id*. at 7-8. Respondent concludes that Petitioner is entitled to an award of damages, and I hereby find that Petitioner is so entitled.

## I.     Future Proceedings

An Order, dated July 14, 2017, was issued instructing the Parties to begin the process of settling appropriate damages in this case. ECF No. 26. Additionally, Petitioner was ordered to file status reports informing the court on the Parties' progress. *Id*. Petitioner filed four status reports between August 14, 2017 and November 13, 2017, which is Petitioner's most recent status report to date. *See generally* ECF Nos. 27, 28, 31, 33. Petitioner noted that he is "in the process of evaluating his damages and intends to file affidavits of witnesses in the near future." *See* Status Report, dated November 13, 2017 (ECF No. 33). Petitioner also expressed that a life care planner is necessary in evaluating the damages in this case. *Id.*

Petitioner shall file a status report on or before **Friday, December 29, 2017** to (a) inform the court on the Parties' progress in settling appropriate damages, (b) propose a deadline to file witness affidavits, and (c) to inform the court on whether a life care planner has been retained. If a life care planner has been retained, Petitioner shall provide the life care planner's information to the Respondent.

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

2